[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12233

_____

D.C. Docket No. 9:11-cv-80412-DTKH

ROBERTA ANN WALACH,

                                                            Plaintiff - Appellant,

versus

SECRETARY, US DEPARTMENT OF VETERANS AFFAIRS,

                                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,* District Judge.

PER CURIAM:

_____

*Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

Roberta Walach, a white employee, appeals the district court's order granting summary judgment and award of costs in favor of the United States Department of Veterans Affairs ("the Department") in her employment discrimination action under Title VII, 42 U.S.C. § 2000e-16.  The district court found that Walach sufficiently made out a prima facie case of racial discrimination by presenting evidence that the Department accommodated a black employee following an off-the-job injury by assigning her to "light duty" work, but did not similarly accommodate Walach.[1]  However, the court also found that the Department advanced a legitimate, non-discriminatory reason for its refusal to assign Walach to light duty work.  The court concluded that Walach failed to meet her burden of establishing that the proffered reason was a pretext for discrimination.  Thus, it granted the Department's motion for summary judgment and denied Walach's motion for summary judgment.  The district court also awarded the Department costs for witness travel fees and photocopies.

We reject Walach's argument that the district court erred in requiring her to show pretext.  A plaintiff in a Title VII employment discrimination action carries the initial burden of establishing a prima facie case of discrimination on the basis of race.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Once the plaintiff has established a prima facie case, the burden shifts to the defendant to

---

[1] The Department has conceded this point for the purposes of appeal.

2

produce a legitimate, non-discriminatory reason for the challenged employment action. Denney v. City of Albany, 247 F.3d 1172, 1183 (11th Cir. 2001). If the defendant produces such a reason, the plaintiff then has the ultimate burden of showing that the defendant's proffered reason is a pretext for unlawful discrimination. Id. It is well established that this framework applies to cases alleging disparate treatment and that a plaintiff in such cases must still establish pretext even if she has satisfied her initial burden of establishing a prima facie case of discrimination. See EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002).[2]

We also agree with the district court that Walach did not present sufficient evidence to establish that the Department's proffered reason was a pretext and we affirm the entry of summary judgment in favor of the Department.

Finally, we affirm the district court's award of costs to the Department. Walach did not respond to the Department's request for costs until after the district

---

[2] Walach's reliance on Lobeck v. City of Riviera Beach, 976 F. Supp. 1460 (S.D. Fla. 1997), is misplaced. That case is non-binding and misstates the precedent on which it relies. The district court in Lobeck cited this Court's decision in Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989), for the proposition that, "having established a prima facie case of disparate discipline, plaintiff need not demonstrate further evidence of pretext." 976 F. Supp. at 1467 n.3. However, this Court in Jones stated only that, where an employer claims that the ground for a plaintiff's termination was the plaintiff's misconduct, evidence that an employee who was involved in similar misconduct was retained is adequate to plead pretext. 874 F.2d at 1541 n.12. This dicta, at most, stands for the proposition that the same evidence that is used to determine whether a plaintiff has established a prima facie case of discrimination may also be used to determine whether the plaintiff has demonstrated pretext; it does not eliminate the plaintiff's burden to show pretext.

court entered its final judgment, at which time she filed a motion to alter or amend the judgment pursuant to Fed. R. Crim. P. 59(e).  This Court reviews a district court's denial of a Rule 59 motion for an abuse of discretion.  Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006).  A Rule 59 motion cannot be used to raise arguments that could have been raised prior to the entry of judgment.  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  Here, Walach could have raised all of her arguments regarding the district court's award of witness fees and photocopying costs before final judgment and, thus, we find no abuse of discretion in the denial of her motion to alter or amend the judgment.

     **AFFIRMED.**